UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ROBERT LIERMAN,                                           Case No. 15-cv-835

         Plaintiff,

vs.

COAST PROFESSIONAL, INC.,

         Defendant.

---

## COMPLAINT

NOW COMES, Plaintiff, Robert Lierman, by and through his attorneys, DeLadurantey Law Office, LLC, and complains of Defendant Coast Professional, Inc. (hereinafter "Defendant Coast") and alleges to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### Nature of the Action

1.      This lawsuit arises from debt collection actions of Defendant Coast.

2.      Causes of Action herein are brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Wisconsin Consumer Act, Wis. Stat. § 427 *et seq*.

### Jurisdiction and Venue

3.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States. This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d), as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred.

4. This Court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act under 28 U.S.C. § 1367, because the WCA claims are related to the FDCPA claims as they arise under the same set of facts. Thus they are part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the Defendants reside. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

## Parties

6. Plaintiff Robert Lierman (hereinafter "Robert") is a natural person who resides in the City of Franklin, County of Milwaukee, State of Wisconsin.

7. Defendant Coast is foreign business with a principal office of 214 Expo Circle, Suite 7, West Monroe, LA 71292, and a registered agent of CT Corporation System, 8020 Excelsior Dr., Ste. 200, Madison, WI 53717.

8. Defendant Coast is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

9. Defendant Coast is a "debt collector" pursuant to Wis. Stat. §427.103(3).

## Factual Allegations

10. In May 2013, Robert, with the assistance of his mother, Susan Lierman ("Susan") decided to pay off his student loans.

11. On July 6, 2013, Robert and Susan called Sallie Mae and indicated that they were interested in paying off his student loans.

12. They were referred to a supervisor, Tia, who indicated that she would arrange for two separate withdrawal transactions to pay off the loans.

13. On July 9, 2013, $33,801.28 was withdrawn from Susan's account, and on July 18, 2013, an additional $15,194.05 was withdrawn.

14. Robert received a letter from Sallie Mae dated August 8, 2013, congratulating him on paying off a loan with the original loan amount of $12,715 and a loan date of March 10, 2013.

15. Robert received a letter from Sallie Mae dated August 13, 2013, congratulating him on paying off a loan with the original loan amount of $11,918 and a loan date of November 17, 2006.

16. Robert received a letter from Sallie Mae dated August 18, 2013, congratulating him on paying off a loan with the original loan amount of $3,331.00 and a loan date of September 3. 2010. The letter also congratulated him on paying off a loan with the original loan amount of $12,500.00 with a loan date of December 16, 2009.

17. Robert even received a check from Sallie Mae Service in the amount of $9.23. The stated reason for the check was that he had overpaid his student loans.

18. Robert received a letter from Sallie Mae dated September 23, 2013, congratulating him on paying off a loan with the original loan amount of $836.00 and a loan date of September 3, 2010. The letter also congratulated him on paying off a loan with the original loan amount of $3,331.00 with a loan date of September 3, 2010.

19. Robert received a letter from Defendant Coast dated August 20, 2013, for collection of his "defaulted student loans." Defendant Coast was attempting to collect a principal balance of $41,455.05, interest of $3,407.70, and fees and costs of $10,919.60.

20. Susan immediately called Defendant Cost and indicated that they had been working with Sallie Mae and the Department of Education and had made $48,995.33 of payments on the loans.

21. Susan talked to a manager, Kelly Schroeder, who indicated that Robert's loans totaled $50,096.00.

22. On September 3, 2013, Susan emailed Kelly Schroeder the letters that Robert received from Sallie Mae.

23. On September 7, 2013, Robert and Susan contacted the Department of Education and spoke to an individual named Shakeeta. She indicated that Robert had paid off six accounts and that eight accounts were in default.

24. On September 11, 2013, Robert and Susan contacted Sallie Mae and spoke to an individual named Terry. This conversation lasted for approximately forty-two minutes. Terry said that she could see all of the loans from both Sallie Mae and the Department of Education. Terry could not figure out what had happened with the student loans, nor could the other supervisors that were helping her. She decided to send the entire account over to their "research department" for resolution and acknowledge that "paid in full is paid in full."

25. Terry called Rob back after approximately fifteen minutes and told her that he might want to try to call Customer Resolution Services.

26. On September 16, 2013, Robert and Susan contacted Customer Resolution Services through the number that Terry had provided them. They spoke to David, who indicated he could not help at all. He provided the number to the Claims Department at the Department of Education.

27. Robert and Susan next called the Claims Department with the number that David had given to them. After Robert's account information was entered into their system, an automated service provided the number for Defendant Coast. Eventually they reached a human who indicated that Robert was in default on eight accounts. They were referred to a supervisor

named Ann. Ann indicated that on occasion, mistakes were made and sometime loans were incorrectly doubled up on. She indicated she would try to "recall the debt."

28. Robert and Susan then called Sallie Mae to inform them that contacting Customer Resolution Services did not help and that they would still need his account sent to their research department for resolution. An individual by the name of Daryl informed them that the account had not been sent to the Research Department, but was instead sent to Claims.

29. They then spoke to a supervisor, Chris who indicated that Tia had not been correct and a refund of $9,589 would be issued back to Robert from Sallie Mae. However, Chris informed them that they should deal directly with Defendant Coast.

30. Susan continued to work with Defendant Coast and Kelly Schroeder. She explained that Robert had overpaid Sallie Mae in the amount of $9,589 and that they would be getting a refund check. Kelly advised that when the check came, Robert should use it to make a payment directly to the Department of Education.

31. Kelly indicated that the loans would have to remain in a "rehab program" in order to get the loans out of default. Susan continued to maintain that all of the loans should not be in default as at least some (if not all) had been paid in full.

32. Robert was threatened with garnishment if he did not start paying on the loans.

33. Susan began making payments to Defendant Coast, in order to prevent Robert's paycheck from being garnished.

34. A representative from Defendant Coast told Robert to fill out an application to consolidate his federal loans in order to bring them out of default.

35. The application stated in part, "I promise to pay to the U.S. Department of Education (ED) all sums disbursed under the terms of this Note to pay off my prior loan

obligations, plus interest and other charges and fees that may become due as provided in this Note."

36. Robert filled out this application, and it sent it to Defendant Coast on July 14, 2014, because he feared garnishment and additional interest being added to the loans that he thought were already paid.

37. Defendant Coast received the application and processed it. They processed this application knowing that Robert had already paid some (if not all) of his loans in full. They then informed Robert that his loans were no longer in default.

**Count 1 – Violations of the Fair Debt Collection Practices Act, (15 U.S.C. §1692)**

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Robert is a consumer as defined by 15 U.S.C. §1692a(3).

40. The foregoing acts of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692(5), 1692e(10), 1692f, and 1692f(1) with respect to the Plaintiff.

41. In order to remove the loans from default, Defendant Coast had Robert sign documentation promising to pay the consolidated loan.

42. However, when they processed the consolidation application, Defendant Coast was aware that they were attempting to collect on loans that Robert had already paid off.

43. Plaintiff has suffered actual damages as a result of these illegal collection actions in the form of anger, anxiety, emotional distress, fear, humiliation, and frustration, amongst other negative emotions.

44. Additionally, payments have been made of Robert's loans, even though they were paid off already. Interest has accrued on the loans, which should not have accrued on them, as they were paid off.

45. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

### Count 2 – Violations of the Wisconsin Consumer Act, (Wis. Stat. § 427.104(c))

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Under Wis. Stat. § 427.104(h), a debt collector cannot "[e]ngage in… conduct which can reasonably be expected to… harass the customer."

48. Under Wis. Stat. § 427.104(j), a debt collector cannot "[c]laim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exhist."

49. In order to remove the loans from default, Defendant Coast had Robert sign documentation promising to pay the consolidated loan.

50. However, when they processed the consolidation application, Defendant Coast was aware that they were attempting to collect on loans that Robert had already paid off.

51. Plaintiff has suffered actual damages as a result of these illegal collection actions in the form of anger, anxiety, emotional distress, fear, humiliation, and frustration, amongst other negative emotions.

52. Plaintiff is entitled to actual, statutory, and punitive damages pursuant to Wis. Stat. §427 and, reasonable attorney's fees and costs pursuant to Wis. Stat. § 435.308.

## Trial by Jury

53. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

## Prayer for Relief

WHEREFORE, Robert prays that judgment be entered against Defendant Coastal for:

A. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);
B. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);
D. Actual, statutory, and punitive damages pursuant to Wis. Stat. §427 *et al.*;
E. Costs and reasonable attorneys' fees pursuant to Wis. Stat. §425.308; and
F. Other and further relief as may be just and proper.

Dated this 9th day of July, 2015.

          DeLadurantey Law Office, LLC

          s/ Heidi N. Miller

          Nathan E. DeLadurantey (WI# 1063937)
          Heidi N. Miller (WI# 1087696)
          DeLadurantey Law Office, LLC
          735 W. Wisconsin Ave, Suite 720
          Milwaukee, WI 53233
          (414) 377-0515; (414) 755-0860 – Fax
          Nathan@dela-law.com
          Heidi@dela-law.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WISCONSIN )
) ss
COUNTY OF MILWAUKEE )

Plaintiff Robert Lierman, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_/s/ Robert Lierman_
Robert Lierman

Subscribed and sworn to before me this ___9___ day of ___July___, 2015.

_/s/ Heidi N. Miller_
Notary Public
My commission is permanent

[Notary Seal: HEIDI N. MILLER, NOTARY PUBLIC, STATE OF WISCONSIN]